UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARD WATER DISTRICT,<br><br>                             Plaintiff,<br>   v.<br>JAMES DAVEY AND ASSOCIATES, INC., an Arizona corporation, JAMES DAVEY, and DOES 1 through 50,<br><br>                            Defendants. | CASE NO. 13-cv-2727 JM (PCL)<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

On March 19, 2014, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 12.) Plaintiff filed an opposition to Defendants' motion on April 21, 2014, (Dkt. No. 13), and Defendants filed their reply on April 28, 2014, (Dkt. No. 14). Having reviewed the parties' arguments, the court finds this matter suitable for resolution on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Defendants' motion to dismiss is GRANTED with leave to amend.

## BACKGROUND

Plaintiff is a public water district with its principal place of operation in Winterhaven, California. Defendant James Dave and Associates, Inc. is an Arizona corporation with its principal place of business in Yuma, Arizona, and James Davey

is an individual and an officer of James Davey and Associates, Inc. residing in Arizona.

In April 2005, Plaintiff alleges Defendants entered into a written contract with Plaintiff, entitled "Contract Documents – Reservation Main Canal Improvement Project, Schedule I (2004), Concrete Canal Lining" ("Project Documents"). Defendants prepared the Project Documents and stamped them with James Davey's seal indicating he is a registered civil engineer in California. Plaintiff attached the 150-page Project Documents as Exhibit A to the first amended complaint. (Compl., Ex. A ("Project Documents").) In the Project Documents, Plaintiff alleges Defendants agreed to serve as project engineer ("Project Engineer") for the Reservation Main Canal Improvement Project (the "Project"), located in Imperial County. Plaintiff contends the Project Documents specifically detail the authority and obligations of Defendants while serving as the Project Engineer, including their duty to supervise and inspect the work of the general contractor and carry out specific testing requirements.

Pursuant to their Project Documents, Plaintiff alleges it relied on Defendants to ensure enforcement and compliance by the general contractor with the terms of the Project Documents. Plaintiff further contends Defendants owed Plaintiff a fiduciary duty as the Project Engineer to ensure that the Project Documents were enforced.

In the complaint, Plaintiff alleges two claims against Defendants: (1) breach of contract, and (2) breach of fiduciary duty while serving as Project Engineer, Plaintiff's agent under the contract. Plaintiff alleges Defendant breached the terms of the Project Documents by unilaterally waiving, in contravention of the contract documents and without Plaintiff's knowledge or consent, the testing and inspection requirements and by failing to ensure the general contractor complied with the contract. Specifically, Defendants allegedly waived the required inspections and tests to ensure that the beds of the irrigation ditches were properly compacted and otherwise prepared to receive the concrete ditch lining. Thereafter, Defendants allegedly failed to disclose and concealed these breaches from Plaintiff until November 15, 2009, at the earliest. Plaintiff alleges Defendants' breaches and failure to comply with their contractual responsibilities

resulted in the widespread failure of the ditch lining throughout the Project and damages in excess of $75,000. Given the amount in controversy and the diversity of citizenship between Plaintiff and Defendants, Plaintiff filed this action in federal court on the basis of diversity jurisdiction.

## LEGAL STANDARD

For a plaintiff to overcome a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Factual pleadings merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they only establish that the allegations are possible rather than plausible. See id. at 678-79. The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In addition, when resolving a motion to dismiss for failure to state a claim, courts may not generally consider materials outside the pleadings. Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998); Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir. 1997); Allarcom Pay Television Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider, 151 F.3d at 1197 n. 1. This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993); 2 Moore's Fed. Prac. § 12.34[2] (Matthew Bender 3d ed.)).

However, "[w]hen a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ."

1  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (citing Cooper v. Bell, 628
2  F.2d 1208, 1210 n. 2 (9th Cir. 1980)).  The court may also consider "documents whose
3  contents are alleged in a complaint and whose authenticity no party questions, but
4  which are not physically attached to the pleading. . . ."  Knievel v. ESPN, 393 F.3d
5  1068, 1076 (9th Cir. 2005) (citing Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)
6  *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th
7  Cir. 2002)).

## DISCUSSION

### A.  Breach of Contract

In the first cause of action, Plaintiff alleges Defendants breached the Project Documents by unilaterally waiving, in contravention of the contract documents and without plaintiff's knowledge or consent, testing and inspection requirements, including required inspections and tests to ensure that the beds of the irrigation ditches were properly compacted and otherwise prepared to receive the concrete ditch lining, and by failing to ensure general contractor compliance with the contract." (Compl. ¶ 13.)  Plaintiff contends Defendants agreed to serve as, and did serve as, Project Engineer pursuant to the Project Documents which specifically detail the authority and obligations of the Project Engineer, including the duty to supervise and inspect the work of the general contractor and carry out specific testing requirements.

In their motion to dismiss, Defendants argue the Project Document relied upon by Plaintiff is not, in fact, a contract between Defendants and Plaintiff.  Rather, Defendants argue the Project Document is merely a bid package Defendants prepared for Plaintiff to issue in preparation for accepting bids from general contractors on the Project.  The Project Document sets forth the parameters for contractors to submit bids to Plaintiff, the process for the acceptance of a bid, and the general terms under which the general contractor with the winning bid would work on the Project.  Defendants are not referred to as the "Engineer" for the Project in the Project Document, nor is the

"Engineer" for the Project ever identified by name.[1] While the cover page and table of contents indicate Defendants prepared the Project Document, Defendants argue that nowhere in the document does it suggest that Defendants would be acting as Project Engineer or address the particulars of a contractual agreement between Defendants and Plaintiff. Specifically, Defendants argue: there is no mutual assent of the parties in the Bid Package, as neither of the Defendants are identified therein and there are no signatures by any party; there is no manifestation by Plaintiff that it would pay either of the Defendants a fee to perform engineering work related to the Project so there is no consideration for Defendants undertaking the obligations of a Project Engineer; and the Project Document does not set forth any contractual obligations on behalf of either Plaintiff or Defendants to each other.

As an initial matter, the court notes Plaintiff has not referenced any specific provision(s) within the 150-page document that either support the allegations a contract existed between the parties or the allegations of breach. Plaintiff alleges generally that Defendants failed to supervise and inspect the work of the general contractor, but has not provided any further guidance as to where in the document the purported obligation to supervise and inspect can be found.

Notwithstanding the proposition the court has no threshold duty to mine voluminous, attached documents to identify provisions or excerpts supporting Plaintiff's allegations, the court has performed a cursory review of the document in order to ascertain its general content and purpose. The document is divided into three volumes: "Volume I: The Bid," "Volume II: The Contract," and Volume III: The Requirements. In "Volume I: The Bid," Plaintiff invites bids on the Project from general contractors and provides instructions regarding the bidding process. "Volume II: The Contract" is divided into five subsections entitled: "General Conditions of

---

[1] "Engineer" is defined in the Project Documents as "[t]he District's Engineer and authorized assistants, duly authorized by the Manager to act for him." (Compl., Ex. A at 37.) In the Project Documents, the "Manager" refers to the official representative and agent of the District. (Id.)

Contract," "Special Conditions of Contract," "Contract Agreement," "Performance Security Form," and "Advance Payment Guarantee." In the "General Conditions of Contract" subsection, the document describes the specifics of the relationship between Plaintiff and the general contractor whose bid is ultimately accepted. Among other things, this subsection defines the scope of the work to be performed by the general contractor, the Project requirements, and the payment to be made to the general contractor. Finally, in "Volume III: The Requirements," the document includes a bill of quantities, technical specifications, and drawings associated with the Project.

At this juncture, Plaintiff's characterization of the Project Document as a contract between Defendants and Plaintiff is unsupported. The Project Document pertains primarily to the relationship between the Plaintiff and the general contractor chosen for the Project. While it is unclear from Plaintiff's complaint which specific provisions of the contract Defendants allegedly violated, Plaintiff presumably alleges Defendants violated various provisions in "Volume II: The Contract" relating to the "Engineer's" supervision and inspection of the general contractor's work. While the anticipated role of the "Engineer" is frequently mentioned throughout "Volume II: The Contract," it appears the role of the engineer was explained throughout these provisions for the benefit of the general contractor. The Project Document suggests that it would often be the engineer making many of the important decisions regarding the Project's construction, and the engineer would typically be supervising the general contractor's work on Plaintiff's behalf. This would obviously be important information for general contractor's considering whether to bid on the Project.

Despite numerous references to the "Engineer," the engineer is only ever referred to generally. Plaintiff has not identified any substantive provisions of the Project Document which refer to Defendants as the Project Engineer, "Engineer," or otherwise. On its face, the court concurs with Defendants that the Project Document appears to be more akin to a bid package created for the consideration of general contractors than a contract between Plaintiff and the Project Engineer, much less a contract between

Plaintiff and Defendants.[2]

Of particular concern, the court has not found, and Plaintiff has not identified, any language in the document suggesting a contractual relationship between Plaintiff and Defendants. While the document specifically details the terms of the agreement between Plaintiff and its general contractor, it does not contain any specifics regarding the duties and obligations agreed to by Plaintiff and Defendants. Moreover, while Plaintiff alleges in the complaint that it "performed all conditions, covenants, and promises required by the contract in accordance with the terms and conditions thereof," it is unclear from the document what conditions, covenants, or promises, if any, were made by Plaintiff on behalf of Defendants. See Compl. ¶ 12. All of the obligations, conditions, covenants, and promises created within the Project Document appear to have been exchanged between Plaintiff and the general contractor.

In sum, Plaintiff has failed to sufficiently allege a breach of contract claim based upon the Project Document.[3] Defendants' motion to dismiss the first cause of action is therefore GRANTED with leave to amend.

**B. Breach of Fiduciary Duty**

The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) resulting damage. Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008). A fiduciary relationship is created between parties to a transaction wherein one of the parties has a duty to act with the utmost good faith for the benefit of the other party. Gilman v. Dalby, 176 Cal. App.

---

[2] Plaintiff objects to Defendants having filed affidavits from individuals attesting to the lack of a contractual agreement between the parties. (Dkt. No. 13-1.) However, the court has not considered or relied upon these affidavits in determining that the Project Document does not appear to be a contract between the parties on its face. Accordingly, Plaintiff's objections are moot.

[3] Defendants also argue the alleged contract was not "executed" by Plaintiff as required by Public Contract Code § 6106, which requires state agencies and departments to execute contracts for professional consulting services with engineering firms. Plaintiff provides little in the way of response to this persuasive argument, simply suggesting that a failure to execute would not necessarily mean that no contract existed. Because the documents do not appear to comprise a contract, the court need not address the lack of execution issue raised under Public Contract Code § 6106.

4th 606, 614 (2009). An agency relationship is a fiduciary one, obliging the agent to act in the interest of the principal. Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 977 (1997); Mendoza v. Rast Produce Co., Inc., 140 Cal. App. 4th 1395, 1406 (2006).

Here, Plaintiff contends Defendants acted as Plaintiff's agent by serving as its Project Engineer and thus owed a fiduciary duty to Plaintiff as their principal. (See Compl. ¶ 17.) Because agency creates a fiduciary relationship as a matter of law, Plaintiff has sufficiently alleged the existence of a fiduciary duty by alleging Defendants acted as its agent while serving as Project Engineer, regardless of whether they had a contractual agreement. See Huong Que, Inc. v. Luu, 150 Cal. App. 4th 400, 410-11 (2007) (noting that "'either acting as an agent or promising to do so creates an agency relation'" without an underlying contract) (quoting Rest.3d, Agency, § 1.01, com. d, p. 21). By assuming the role of Plaintiff's agent contractually or otherwise, Defendants assumed a fiduciary duty as well.

However, Plaintiff has not alleged that Defendants breached a fiduciary duty of an agent to a principal. Plaintiff contends Defendants breached their fiduciary duty "by unilaterally waiving, in contravention of the contract documents and without [P]laintiff's knowledge or consent, testing and inspection requirements, including required inspections and tests to ensure that the beds of the irrigation ditches were properly compacted and otherwise prepared to receive the concrete ditch lining, and by failing to ensure general contractor compliance with the contract." (See Compl. ¶ 18.) Plaintiff further alleges Defendants failed to disclose and concealed from Plaintiff their failure to comply with their contractual obligations. (See Id. ¶ 19.) As alleged, Plaintiff's breach of fiduciary duty claim is based solely upon Defendants' alleged failure to comply with the specific duties of the "Engineer" as described in the the Project Document. However, as discussed above, on the present record it does not appear Defendants owed Plaintiff any contractual obligations pursuant to this document. Therefore, Defendants cannot have breached their fiduciary duty to Plaintiff

by failing to comply with the obligations set forth in a non-binding document or by failing to disclose its lack of compliance with the non-existent contractual obligations.

Because Plaintiff fails to state a claim based upon breach of contract, Plaintiff also fails to state a claim for breach of fiduciary duty based upon Defendants' alleged failure to comply with the contract. Accordingly, Defendant's motion to dismiss Plaintiff's second cause of action is GRANTED with leave to amend. Should Plaintiff elect to file an amended complaint, it is ordered to specifically refer to those document provisions which Plaintiff contends (1) resulted in the formation of a contract between these parties; and (2) imposed specific duties upon Defendants.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is GRANTED with 20 days leave to amend from the filing date of this order.

IT IS SO ORDERED.

DATED: May 5, 2014

Hon. Jeffrey T. Miller
United States District Judge