# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARD WATER DISTRICT,<br><br>            Plaintiff,<br>   v.<br>JAMES DAVEY AND ASSOCIATES, INC., an Arizona corporation, JAMES DAVEY, and DOES 1 through 50,<br><br>            Defendants. | CASE NO. 13-cv-2727 JM (PCL)<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

On June 6, 2014, Defendants filed a motion to dismiss Plaintiff's second amended complaint for failure to state a claim.[1] (Dkt. No. 18.) Plaintiff filed an opposition to Defendants' motion on July 16, 2014, (Dkt. No. 20), and Defendants filed their reply on July 12, 2014, (Dkt. No. 21). Having reviewed the parties' arguments, the court finds this matter suitable for resolution on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Defendants' motion to dismiss is GRANTED with leave to amend.

---

[1] After Defendants filed an initial motion to dismiss, Plaintiff filed a first amended complaint as a matter of course under Federal Rule of Civil Procedure 15 (a)(1)(B), and the motion to dismiss was denied as moot. On May 5, 2014, the court granted Defendants' motion to dismiss the first amended complaint with leave to amend, and Plaintiff filed a second amended complaint on May 23, 2014.

## BACKGROUND

Plaintiff is a public water district with its principal place of operation in Winterhaven, California. Defendant James Davey and Associates, Inc. is an Arizona corporation with its principal place of business in Yuma, Arizona, and James Davey is an individual and an officer of James Davey and Associates, Inc. residing in Arizona.

In April 2005, Plaintiff alleges Defendants entered into a written contract with Plaintiff to serve as Project Engineer for the Reservation Main Canal Improvement Project (the "Project"), located in Imperial County. Plaintiff alleges Defendants agreed to use, and did use the document entitled "Contract Documents – Reservation Main Canal Improvement Project, Schedule I (2004), Concrete Canal Lining" ("Project Document") to memorialize the terms of their agreement. Defendants prepared the Project Documents and stamped them with James Davey's seal indicating he is a registered civil engineer in California. Plaintiff attached the 150-page Project Documents as Exhibit A to the second amended complaint. (SAC, Dkt. No. 17 at Ex. A ("Project Documents").) Plaintiff contends the Project Documents specifically detail the authority and obligations of Defendants while serving as the Project Engineer, including their duty to supervise and inspect the work of the general contractor and carry out specific testing requirements.

Pursuant to their Project Documents, Plaintiff alleges it relied on Defendants to ensure enforcement and compliance by the general contractor with the terms of the Project Documents. Plaintiff further contends Defendants owed Plaintiff a fiduciary duty as the Project Engineer to ensure that the Project Documents were enforced.

In the complaint, Plaintiff alleges two claims against Defendants: (1) breach of contract, and (2) breach of fiduciary duty while serving as Project Engineer, Plaintiff's agent under the contract. Plaintiff alleges Defendant breached the terms of the Project Documents by unilaterally waiving, in contravention of the contract documents and without Plaintiff's knowledge or consent, the testing and inspection requirements and by failing to ensure the general contractor complied with the contract. Specifically,

1  Defendants allegedly waived the required inspections and tests to ensure that the beds
2  of the irrigation ditches were properly compacted and otherwise prepared to receive the
3  concrete ditch lining. Thereafter, Defendants allegedly failed to disclose and concealed
4  these breaches from Plaintiff until November 15, 2009, at the earliest. Plaintiff alleges
5  Defendants' breaches and failure to comply with their contractual responsibilities
6  resulted in the widespread failure of the ditch lining throughout the Project and
7  damages in excess of $75,000. Given the amount in controversy and the diversity of
8  citizenship between Plaintiff and Defendants, Plaintiff filed this action in federal court
9  on the basis of diversity jurisdiction.

## LEGAL STANDARD

11  For a plaintiff to overcome a Rule 12(b)(6) motion to dismiss for failure to state
12  a claim, the complaint must contain "enough facts to state a claim to relief that is
13  plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has
14  facial plausibility when the plaintiff pleads factual content that allows the court to draw
15  the reasonable inference that the defendant is liable for the misconduct alleged."
16  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Factual pleadings merely consistent with
17  a defendant's liability are insufficient to survive a motion to dismiss because they only
18  establish that the allegations are possible rather than plausible. See id. at 678-79. The
19  court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal
20  theory" or facts sufficient to support a cognizable legal theory. See Balistreri v.
21  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

22  In addition, when resolving a motion to dismiss for failure to state a claim, courts
23  may not generally consider materials outside the pleadings. Schneider v. Cal. Dep't of
24  Corrs., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998); Jacobellis v. State Farm Fire & Cas.
25  Co., 120 F.3d 171, 172 (9th Cir. 1997); Allarcom Pay Television Ltd. v. Gen.
26  Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). "The focus of any Rule 12(b)(6)
27  dismissal . . . is the complaint." Schneider, 151 F.3d at 1197 n. 1. This precludes
28  consideration of "new" allegations that may be raised in a plaintiff's opposition to a

1  motion to dismiss brought pursuant to Rule 12(b)(6).  Id. (citing Harrell v. United
2  States, 13 F.3d 232, 236 (7th Cir. 1993); 2 Moore's Fed. Prac. § 12.34[2] (Matthew
3  Bender 3d ed.)).

4      However, "[w]hen a plaintiff has attached various exhibits to the complaint,
5  those exhibits may be considered in determining whether dismissal [i]s proper . . . ."
6  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (citing Cooper v. Bell, 628
7  F.2d 1208, 1210 n. 2 (9th Cir. 1980)).  The court may also consider "documents whose
8  contents are alleged in a complaint and whose authenticity no party questions, but
9  which are not physically attached to the pleading. . . ."  Knievel v. ESPN, 393 F.3d
10 1068, 1076 (9th Cir. 2005) (citing Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)
11 *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th
12 Cir. 2002)).

## DISCUSSION

14      Plaintiff alleged breach of contract and breach of fiduciary duty claims based
15 upon the Project Document in the first amended complaint.  In the court's order
16 granting Defendants' motion to dismiss the first amended complaint, the court
17 dismissed Plaintiffs' claims based on the Project Documents because they were not a
18 contract between the parties. (See Dkt. No. 16 at 6-9). "On its face," the court found
19 the Project Document was "more akin to a bid package created for the consideration
20 of general contractors than a contract between Plaintiff and the Project Engineer, much
21 less a contract between Plaintiff and Defendants." (Id. at 6-7). After dismissing
22 Plaintiff's breach of contract claim, the court further concluded that Plaintiff could not
23 allege a breach of fiduciary duty claim based upon Defendants' alleged failure to
24 comply with purported contractual obligations within the Project Document. (Id. at 8-
25 9). As a result, the court granted Defendants' motion to dismiss the first amended
26 complaint with leave to amend. In doing so, the court advised Plaintiff that a second
27 amended complaint ("SAC") should "specifically refer to those document provisions
28 which Plaintiff contends (1) resulted in the formation of a contract between these

parties; and (2) imposed specific duties upon Defendants." (Id. at 9).

Plaintiff filed a SAC on May 23, 2014. Plaintiff alleges that Defendants "entered into a contract" with Plaintiff to serve as Project Engineer "subject to the terms of the parties' written agreement." (SAC, Dkt. No. 17 at ¶ 9). Plaintiff alleges the Defendants agreed to use, and did use, the Project Documents "to memorialize the terms of their agreement," consistent with Plaintiff's general policy and practice. (Id.) The SAC then alleges breach of contract and breach of fiduciary duty based upon the contract's terms as "memorialized" in the Project Documents. Plaintiff also alleges Defendants sent billing invoices to Plaintiff in excess of $190,000 for services rendered under the contract and accepted payment for these services. (SAC, Dkt. No. 17 at ¶ 13). Plaintiff attached invoices as evidence of Defendants' billing and acceptance of payment as Exhibit B to the SAC. Defendants now seek to dismiss Plaintiff's SAC for failure to state a claim. (Dkt. No. 18).

Having reviewed the SAC, the court finds Plaintiff has not remedied the deficiencies identified by the court in its previous order dismissing the first amended complaint. Plaintiff alleges the parties entered into a "written agreement," but has not provided the written agreement or described the material terms of the agreement. Plaintiff suggests the Project Documents serve to memorialize the written agreement and relies heavily on language from the Project Documents to allege breach by Defendants, but the Project Documents do not contain any specifics regarding the duties and obligations agreed to by Plaintiff and Defendants in their written agreement.[2] As the court previously noted, "it is unclear from the [Project Documents] what conditions, covenants, or promises, if any, were made by Plaintiff on behalf of Defendants." (Dkt. No. 16 at 7). The SAC does not contain any allegations to clarify this aspect of their agreement. While the invoices and acceptance of payment attached to the SAC suggest some sort of working relationship existed between the parties of the

---

[2] Notably, Plaintiff specifically alleges breach of written contract, not breach of an oral or implied contract.

type ordinarily created through a written agreement, the court has no information regarding Plaintiff's obligation to pay Defendants or the duties assumed by Defendants in exchange for said payment.[3]

In sum, the court provided Plaintiff with a clear directive when it dismissed the first amended complaint. The SAC would need to "specifically refer to those document provisions which Plaintiff contends (1) resulted in the formation of a contract between these parties; and (2) imposed specific duties upon Defendants." (Id. at 9). Referring to provisions in the Project Document, which the court previously determined was not a contract between the parties and did not provide necessary information regarding the parties' alleged agreement, is simply insufficient.[4] As a result, Plaintiff has not adequately alleged a breach of contract claim or a breach of fiduciary duty claim based upon the terms of the contract.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED with 20 days leave to amend from the filing date of this order. Should Plaintiff elect to file an amended complaint, it is ordered to specifically reference document provisions which Plaintiff contends (1) resulted in the formation of a contract

---

[3] Plaintiff argues Defendants' questions regarding the existence of a written agreement should not be resolved on a motion to dismiss. "[W]here the existence and not the validity or construction of a contract or the terms thereof is the point in issue, and the evidence is conflicting or admits of more than one inference, it is for the jury or other trier of the facts to determine whether the contract did in fact exist." Alexander v. Codemasters Group Limited, 104 Cal. App. 4th 129, 141 (2002). However, Plaintiff goes on to "admit that the facts and circumstances surrounding the formation, terms, and breach of the subject contract are at issue." (Dkt. No. 19 at 11). The court agrees that the terms of the contract are very much at issue here given that both of Plaintiffs' claims allege Defendants breached the terms of the contract.

[4] Attached to the opposition to Defendants' motion to dismiss, Plaintiff provided the declaration of Richard Johnson and a series of "change orders" allegedly executed by Defendant Davey on behalf of James Davey and Associates, wherein the Project was altered pursuant to Defendants' duties as the Project Engineer. (See Dkt. No. 19-2, 19-3). As an initial matter, the court notes the change orders were not referenced in the SAC or attached as an exhibit to the SAC. Moreover, much like the invoices attached to the SAC, the change orders do not provide the material terms of the agreement between the parties as necessary for Plaintiff to allege a breach of contract or breach of fiduciary claim.

between these parties, including the parties' mutual assent to the contract and the material terms of the contract; and (2) imposed specific duties upon Defendants. Failure to do so will result in the dismissal of Plaintiff's claims with prejudice.

IT IS SO ORDERED.

DATED: August 5, 2014

Hon. Jeffrey T. Miller
United States District Judge