1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARD WATER DISTRICT,<br><br>                                    Plaintiff,<br><br>         vs.<br><br>JAMES DAVEY AND<br>ASSOCIATES, INC., an Arizona<br>corporation, and JAMES DAVEY,<br><br>                                    Defendants. | CASE NO. 13-cv-2727 JM (PCL)<br><br>ORDER GRANTING MOTION<br>TO DISMISS WITH PREJUDICE |

On September 12, 2014, Defendants filed a motion to dismiss Plaintiff's third amended complaint for failure to state a claim. (Doc. No. 27.) Plaintiff filed an opposition to the motion on October 14, 2014, (Doc. No. 30), and Defendants filed a reply on October 21, 2014, (Doc. No. 33). Having reviewed the parties' arguments, the court finds this matter suitable for resolution on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Defendants' motion is granted and Plaintiff's third amended complaint is dismissed with prejudice.

## BACKGROUND

According to the third amended complaint ("TAC"), Plaintiff is a public water district with its principal place of operation in Winterhaven, California. (Doc. No. 26 ¶ 1). Defendant James Davey and Associates, Inc. is an Arizona corporation with its principal place of business in Yuma, Arizona, and James Davey

1  is an individual and an officer of James Davey and Associates, Inc. residing in
2  Arizona.  (Id. ¶¶ 2–3.)

3       Plaintiff alleges that beginning in late 2002 Defendants acted as engineers
4  for Plaintiffs on a canal-improvement construction project in Imperial County
5  ("canal project" or "project"), and were responsible for the planning, engineering,
6  design, preparation of bid documents, and preparation of the contracts for the
7  project.  (Id. ¶¶ 8–9.)  In April 2005 Defendants prepared documents, entitled
8  "Contract Documents—Reservation Main Canal Improvement Project, Schedule I
9  (2004), Concrete Canal Lining" ("project document"), and stamped them with
10  James Davey's seal, which indicates that he is a registered civil engineer in
11  California.  (Id. ¶ 11 & Exh. A.)  Plaintiff alleges that Volume II of the project
12  document "was, and is, the contract under which the Canal Project was constructed"
13  and sets forth Defendants' authority and obligations while serving as project
14  engineer on the canal project, including the duty to supervise and inspect the work
15  of the general contractor and carry out specific testing requirements.  (Id. ¶¶ 12, 21.)

16       Plaintiff asserts two claims against Defendants:  (1) breach of contract, and
17  (2) breach of fiduciary duty.  On the first claim Plaintiff alleges that Defendants
18  "breached the agreement and their contractual duties, responsibilities, and
19  obligations of Project Engineer for the Canal Project under and pursuant to the
20  Contract by unilaterally waiving, without plaintiff's knowledge or consent" the
21  specific testing and inspection requirements set forth in the project document,
22  and by failing to ensure that the general contractor complied with the written
23  specifications for proper preparation of the ditch lining.  (Id. ¶ 23.)  On the second
24  claim Plaintiff alleges that Defendants, by acting as project engineer for the canal
25  project, owed a fiduciary duty "to Plaintiff to act with utmost good faith and in the
26  best interests of Plaintiff," separate and distinct from any contractual obligations,
27  which Defendants breached by "failing to perform the duties, responsibilities,
28  and obligations of Project Engineer memorialized in the Contract."  (Id. ¶¶ 27–31.)

13cv2727

Plaintiff asserts that Defendants failed to disclose and concealed the breaches until November 15, 2009, (id. ¶¶ 24, 30), and that the breaches resulted in widespread failure of the ditch lining throughout the project and damages in excess of $ 75,000, (id. ¶¶ 25, 31).  Given the amount in controversy and the diversity of citizenship between Plaintiff and Defendants, Plaintiff filed this action in federal court on the basis of diversity jurisdiction.

### LEGAL STANDARD

For a plaintiff to overcome a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The court must "take all of the factual allegations in the complaint as true," but is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (internal quotation marks omitted).  Factual pleadings merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. See id. at 678–79.  The court should grant 12(b)(6) relief if the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

When resolving a motion to dismiss for failure to state a claim, courts may not generally consider materials outside the pleadings. See Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir. 1997); Allarcom Pay Television Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider, 151 F.3d at 1197 n.1.  "A court may, however, consider certain materials—documents attached to the complaint,

1  documents incorporated by reference in the complaint, or matters of judicial

2  notice—without converting the motion to dismiss into a motion for summary

3  judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

4  **DISCUSSION**

5       Plaintiff's first amended complaint ("FAC"), like the third amended

6  complaint at issue here, alleged claims for breach of contract and breach of

7  fiduciary duty based on the duties purportedly set forth in the project document.

8  (Doc. No. 9.)  The FAC had one attached exhibit, a copy of the approximately

9  150-page project document.  (Id., Exh. A.)  Defendants moved to dismiss the

10  claims in the FAC for failure to state a claim, and the court granted the motion.

11  (Doc. No. 16.)  On the first claim, Plaintiff had not specifically identified which

12  provisions in the project document supported its allegations that a contract existed

13  between the parties and that Defendants had an obligation to supervise and inspect.

14  (Id. at 5.)  Based on the court's own review, the project document was not, on its

15  face, a contract between the parties.  (Id. at 6–9.)  It was "more akin to a bid

16  package created for the consideration of general contractors than a contract between

17  Plaintiff and the Project Engineer, much less a contract between Plaintiff and

18  Defendants."  (Id. at 6–7.)  Although the document contained numerous references

19  to the "Engineer," it did not identify Defendants as the Engineer or the project

20  engineer, and there was no language in the document suggesting a contractual

21  relationship between Plaintiff and Defendants or what specific duties and

22  obligations they may have agreed to.  (Id.)  On the second claim, for breach of

23  fiduciary duty, the court found that Plaintiff had adequately alleged the existence

24  of a fiduciary relationship, but the basis of Plaintiff's claim was that Defendants

25  had failed to comply with their obligations as "Engineer" under the project

26  document, and there was nothing to suggest that Defendants owed Plaintiffs any

27  obligations pursuant to the project document.  (Id. at 8–9.)  Accordingly, the court

28  granted Defendants' motion to dismiss the first amended complaint with leave to

13cv2727

amend.  (Id. at 9.)  In doing so, the court advised Plaintiff that a second amended complaint should "specifically refer to those document provisions which Plaintiff contends (1) resulted in the formation of a contract between these parties; and (2) imposed specific duties upon Defendants."  (Id.)

Plaintiff filed a second amended complaint ("SAC") on May 23, 2014, again asserting claims for breach of contract and breach of fiduciary duty. (Doc. No. 17).  In the SAC Plaintiff alleged that Defendants had "entered into a contract" with Plaintiff to serve as project engineer "subject to the terms of the parties' written agreement," and "agreed to use, and did use" the project document "to memorialize the terms of their agreement."  (Id. ¶ 9).  This time Plaintiff identified the provisions in the project document that it asserted gave Defendants, as project engineer, "the exclusive responsibility to ensure compliance by the general contractor with the specifications of said contract through continuing supervision and inspection of the construction of the Project in accordance with the agreement's specifications."  (Id. ¶ 11.)  Plaintiff alleged that Defendants manifested their assent to these terms "by stamping defendant James Davey's seal of approval on the contract documents, by undertaking the duties articulated in the parties' contract, by billing for services rendered under the contract, and by accepting payment from plaintiff for services rendered pursuant to the contract." (Id. ¶ 10.)  The SAC had two attached exhibits:  (1) the project document, and (2) copies of invoices and a check, offered to show Defendants' billing and acceptance of payment for services rendered.  (Id., Exhs. A & B.).

Defendants moved to dismiss the SAC for failure to state a claim, and the court granted the motion because Plaintiff had not remedied the deficiencies the court had identified in its order dismissing the FAC.  (Doc. No. 23.)  Although Plaintiff relied heavily on the language in the project document to allege breach, the project document did not contain any specifics regarding the duties and obligations agreed to by Plaintiff and Defendants, the allegations in the SAC did

1    not clarify that aspect of their relationship, and the invoices and proof of payment
2    did not provide the missing information.  (Id. at 5–6.)  In dismissing the SAC with
3    leave to amend, the court advised Plaintiff that a third amended complaint should
4    "specifically reference document provisions which Plaintiff contends (1) resulted
5    in the formation of a contract between these parties, including the parties' mutual
6    assent to the contract and the material terms of the contract; and (2) imposed
7    specific duties upon Defendants."  (Id. at 6–7.)  The court advised Plaintiff that
8    "[f]ailure to do so will result in the dismissal of Plaintiff's claims with prejudice."
9    (Id. at 7.)
10        Plaintiff filed the instant third amended complaint ("TAC") on August 29,
11   2014, again asserting claims for breach of contract and breach of fiduciary duty.
12   (Doc. No. 26.)  In the TAC Plaintiffs allege that Defendants manifested their
13   intent to perform the obligations of project engineer "memorialized, defined,
14   and described, in writing" in the project document by stamping James Davey's
15   seal on the document, performing the duties of project engineer outlined in the
16   document, issuing and executing change orders as project engineer, providing
17   written invoices to Plaintiff for services performed as project engineer, and
18   accepting more than $190,000 in payment.  (Id. ¶ 20.)  The TAC has four
19   attachments:  (1) the project document, (Exh. A); (2) change orders to the general
20   contractor signed by Defendant, the contractor, and Plaintiff, offered to show that
21   Defendant was acting as project engineer, (Exh. B); (3) invoices and a copy of a
22   check, offered to show that Defendant billed Plaintiff and accepted payment for
23   its services as project engineer, (Exh. C); and (4) a summary of engineering costs
24   allegedly prepared by Defendants, offered to show that Plaintiff paid Defendants
25   $97,500 for "Feasibility/BECC Coordination/Preliminary Design and then 6 percent
26   of construction costs for all subsequent work, including construction administration,
27   inspection, and staking," (Exh. D).  Defendants again seek dismissal for failure to
28   state a claim.  (Doc. No. 27.)

Having reviewed the TAC, the court finds that Plaintiff has not remedied the deficiencies identified in the previous orders dismissing the first and second amended complaints.  Plaintiff's claims are that Defendants (1) breached the contract requirements "memorialized" in the project document, (TAC ¶ 23); and (2) breached their fiduciary duties toward Plaintiff by "failing to perform the duties, responsibilities, and obligations of Project Engineer memorialized in the [project document]," (id. ¶ 29).  Both claims thus depend on the assertion that the project document imposes obligations on Defendants.

But, as the court stated in its previous orders, the project document is not, on its face, a contract between Plaintiff and Defendants.  (See Doc. 16 at 7; Doc. 23 at 5–6.)  There is nothing indicating that Plaintiff and Defendant mutually agreed that their relationship was governed by its provisions.  Rather, the project document appears to be a design for obtaining bids from, contracting with, and supervising a general contractor.  And, as the court also noted previously, while the invoices and change orders suggest some kind of working relationship between the parties of the type ordinarily created through a written agreement, they provide no information regarding Plaintiff's obligation to pay Defendants or what specific duties Defendants assumed in exchange for payment.  (See Doc. 23 at 5–6 & n.4.)  The same is true of the summary of engineering costs, which merely lists costs under headings for "Feasibility/BECC Coordination/Preliminary Design ($97,500) and Final Design (at 6% of Construction Cost)," and "Construction Administration, Inspection, and Staking."  (TAC, Exh. D.)  Nor do the new allegations in the TAC, which describe Defendants' historical involvement in the canal project, provide the missing information.

In sum, Plaintiff has amply alleged that Defendants provided engineering services for the canal project, but it has not alleged facts from which the court can reasonably infer that Plaintiff and Defendant mutually agreed that the provisions in the project document were binding promises that governed their relationship.

1   That Defendants prepared the document and performed the duties described in

2   it does not, without more, suggest mutual assent sufficient to render the project

3   document itself a binding contract.  Moreover, there are no facts in the TAC tending

4   to show that Defendants' services and Plaintiff's payments were given in exchange

5   for the alleged promises in the project document, as opposed to whatever agreement

6   they had in the years preceding Defendants' preparation of the project document in

7   2005.  (TAC ¶ 9) ("From late 2002, Defendants acted as engineers for Plaintiff . . .

8   on the Canal Project.").  The court finds that Plaintiff has not adequately alleged

9   the existence of the contract that is the basis of its claims.

10       Plaintiff contends, however, that in ruling on Defendants' motion to dismiss

11   the court may not consider any evidence and must consider only the allegations.

12   (Doc. No. 30 at 1.)  But, as noted above, it is well established in this circuit that

13   "[w]hen a plaintiff has attached various exhibits to the complaint, those exhibits

14   may be considered in determining whether dismissal [is] proper without converting

15   the motion to one for summary judgment."  Wilhelm v. Rotman, 680 F.3d 1113,

16   1116 n.1 (9th Cir 2012); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480,

17   1484 (9th Cir. 1995).  The exhibits Plaintiff attached to the complaint are the only

18   evidence the court has considered in ruling on this motion.

19       Plaintiff contends also that  "[g]enerally, a challenge to the existence of

20   a contract is not properly determined on a Rule 12(b)(6) motion to dismiss."

21   (Doc. No. 30 at 5.)  Plaintiff relies on Alexander v. Codemasters Grp. Ltd., 104

22   Cal. App. 4th 129 (2002), which held that "[w]here the existence and not the

23   validity or construction of a contract or the terms thereof is the point in issue, and

24   the evidence is conflicting or admits of more than one inference, it is for the jury

25   or other trier of facts to determine whether the contract did in fact exist."  Id. at 141.

26   At the 12(b)(6) stage, however, there is no issue of conflicting evidence.  Rather,

27   the question is whether Plaintiff's allegations, taken as true, are sufficient to

28   establish the essential elements of its claim.  Here, the court has concluded that

1   Plaintiff did not allege enough facts to support the inference that the parties
2   mutually agreed that the project document governed their relationship.  That is
3   something the court can decide as a matter of law.  See Deleon v. Verizon Wireless,
4   LLC, 207 Cal. App. 4th 800, 813 (2012) ("Although mutual consent is a question
5   of fact, whether a certain or undisputed state of facts establishes a contract is a
6   question of law for the court."); see also Foster Poultry Farms v. Alkar-Rapidpak-
7   MP Equip., Inc., 868 F. Supp. 2d 983, 995–96 (E.D. Cal. 2012) (dismissing a
8   California breach-of-contract claim for failure to allege facts demonstrating
9   mutual assent).

10          Finally, Plaintiff contends that "Defendants' fiduciary obligations . . .
11  to perform the duties, responsibilities and obligations of Project Engineer
12  memorialized in the Contract for the Canal Project, were *separate, distinct, and/*
13  *or in addition* to any contractual obligations owed by the parties pursuant to the
14  agreement."  (TAC ¶ 28.)  But, as the court noted in its order dismissing the FAC,
15  "Plaintiff has not alleged that Defendants breached a fiduciary duty of an agent to
16  a principal."  (Doc. No. 16 at 8.)  Although Plaintiff alleges that "Defendants, as
17  agents to their principal, owed a fiduciary duty to Plaintiff to act with utmost good
18  faith and in the best interests of Plaintiff," (TAC ¶ 27), Plaintiff's claim for breach
19  of fiduciary duty is based solely on Defendants' alleged failure to comply with
20  the specific duties of the project engineer as described in the project document.
21  Because it does not appear that Defendants owed Plaintiff any contractual
22  obligations pursuant to the project document, they cannot have breached their
23  fiduciary duty to Plaintiff by failing to comply with it.

24          The court provided Plaintiff with clear directives when it dismissed the first
25  and second amended complaints.  The TAC would need to "specifically reference
26  document provisions which Plaintiff contends (1) resulted in the formation of a
27  contract between these parties, including the parties' mutual assent to the contract
28  and the material terms of the contract; and (2) imposed specific duties upon

13cv2727

1    Defendants." (Doc. 23 at 6–7.)  Referring to provisions in the project document,

2    which the court previously determined was not a contract between the parties and

3    did not provide necessary information regarding the parties' alleged agreement,

4    and to the history of Defendants' involvement in the project, the invoices, payment,

5    change orders, and the cost schedule, which suffer from the same defects, is

6    insufficient.  Plaintiff has not adequately alleged a claim for breach of contract

7    or breach of fiduciary duty based on the provisions in the project document.

8                                      **CONCLUSION**

9           For the reasons set forth above, Defendants' motion to dismiss is GRANTED.

10   As this is the third dismissal, Plaintiff's claims are dismissed WITH PREJUDICE.

11   The Clerk of Court is instructed to close the file.

12          IT IS SO ORDERED.

13   DATED:  November 14, 2014

14                                      _____

15                                      Hon. Jeffrey T. Miller
                                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28