UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARD WATER DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DAVEY AND ASSOCIATES, INC., an Arizona corporation; JAMES DAVEY; and DOES 1 through 50,<br><br>Defendants. | Case No.: 13cv2727 JM (PCL)<br><br>**ORDER DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT** |
| JAMES DAVEY AND ASSOCIATES, INC., an Arizona corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>GEORGE CAIRO ENGINEERING, INC., an Arizona corporation; and ROES 1 through 10, inclusive,<br><br>Third-Party Defendants. | |

Third-Party Defendant George Cairo Engineering, Inc. ("GCE") moves the court to dismiss the third-party complaint of Third-Party Plaintiff James Davey and Associates, Inc. ("JDA") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 65.) JDA

1

opposes the motion. (Doc. No. 66.) The court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and, for the following reasons, denies GCE's motion.

**BACKGROUND**

On November 13, 2013, Plaintiff Bard Water District ("Plaintiff") filed suit against JDA. (Doc. No. 1.) The remaining claim at issue from Plaintiff's operative third amended complaint ("TAC") is for breach of fiduciary duty. (Doc. No. 26.) The cause of action arose from JDA's work as engineer for Plaintiff on a canal-improvement construction project in Imperial County ("Canal Project"). Specifically, Plaintiff alleges:

> 29. [JDA] breached their fiduciary duty owed to Plaintiff, as their principal, to act with utmost good faith and in the best interests of Plaintiff by failing to perform duties, responsibilities and obligations of Project Engineer memorialized in the Contract for the Canal Project; namely, by failing to ensure that the general contractor complied with its requirements by unilaterally waiving, without plaintiff's knowledge or consent, necessary testing and inspection requirements, including necessary inspections and tests to ensure that the beds of the irrigation ditches were properly compacted and otherwise prepared to receive concrete ditch lining.
>
> 30. Thereafter, [JDA] failed to disclose and concealed form Plaintiff the fact of such breaches until, at the earliest, the week commencing November 15, 2009.

(Doc. No. 26 ¶¶ 29–30.)

On August 4, 2017, JDA filed a third-party complaint against GCE and ROES 1 through 10, inclusive. (Doc. No. 63.) In its complaint, JDA asserts one cause of action for equitable indemnity. JDA alleges that GCE is the successor entity to Davey Cairo Engineering, Inc. ("DCE"). JDA further alleges that DCE acted as the civil engineer of

record on the Canal Project, and that "Plaintiff's damages as alleged in its [TAC] were proximately caused by" GCE. In sum, JDA argues that "[i]f Plaintiff can prove its claims, then some or all of these claims ultimately arise from the actions, inactions, breach of duty, work, materials, or services of Third-Party Defendants."

GCE filed the instant motion to dismiss on September 20, 2017. (Doc. No. 65.)

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the pleadings. To overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. Id. at 678–79. The court must accept as true the facts alleged in a well-pled complaint, but mere legal conclusions are not entitled to an assumption of truth. Id. The court must construe the pleading in the light most favorable to the non-moving party. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995).

## DISCUSSION

GCE argues that JDA cannot indemnify GCE for Plaintiff's claim for breach of fiduciary duty and, even if JDA were entitled to indemnify GCE, its claim is premature. The court addresses each argument in turn.

**I.  Plaintiff's Breach of Fiduciary Duty Claim Does Not Preclude Equitable Indemnity**

GCE argues that JDA's indemnity claim fails as a matter of law because the underlying allegations against JDA "arise from an intentional act or tort." (Doc. No. 65 at 5.) The court disagrees for two reasons.

First, the underlying allegations in Plaintiff's claim against JDA for breach of fiduciary duty do not necessarily arise from an intentional tort. While Plaintiff does claim that JDA "failed to disclose and concealed from Plaintiff the fact of such breaches," those breaches are for allegedly failing to perform certain Project Engineer obligations and failing to ensure that the general contractor complied with its requirements. (Doc. No. 26 ¶¶ 29–30.) Because the breaches alleged by Plaintiff are not solely for fraudulent concealment, JDA is not precluded from seeking equitable indemnity from GCE.

Second, even if Plaintiff's claim against JDA includes intentional concealment, JDA would still be able to seek equitable indemnity for any damages attributable to negligent or willful misconduct. See Allen v. Sundean, 137 Cal. App. 3d 216, 227 (1982) (concluding that a defendant was entitled to equitable indemnity for damages attributable to its willful misconduct, but not for damages attributable to its fraudulent concealment). Furthermore, as GCE notes in its reply, while an "intentional tortfeasor is barred from seeking partial indemnity from a negligent tortfeasor," an "intentional tortfeasor is entitled to seek indemnity from a concurrent intentional tortfeasor." Res-Care Inc. v. Roto-Rooter Servs. Co., 753 F. Supp. 2d 970, 978 (N.D. Cal. 2010) (citing Allen v. Sundean, 137 Cal. App. 3d at 227; Baird v. Jones, 21 Cal. App. 4th 684, 688 (1993)) (emphasis added).

## II. JDA's Claim for Equitable Indemnity Is Not Premature

GCE also argues that JDA's claim for equitable indemnity is premature because JDA has not yet suffered loss through payment of the underlying claim. However, the cases cited by GCE to support its argument address when a cause of action for equitable indemnity accrues for statute of limitation purposes, not when a party may bring an equitable indemnity claim against a third party. California law recognizes that "a tort defendant may file a cross-complaint against a third party when the defendant properly alleges entitlement to indemnity from such a party, should the plaintiff prevail on the original complaint." Postley v. Harvey, 153 Cal. App. 3d 280, 285 (1984) (citations omitted); see also People ex rel. Dep't of Transportation v. Superior Court, 26 Cal. 3d 744, 759 (1980) ("the fact that a defendant is permitted under a third party procedure to bring a

4

declaratory cross-complaint in the original tort action does not alter the general rule that, for statute of limitations purposes, the defendant's indemnity action does not accrue until he has suffered actual loss through payment."). In sum, JDA may assert a claim for equitable indemnity against GCE even though the cause of action for that claim has not yet accrued. JDA's claim for equitable indemnity is not premature.

## CONCLUSION

For the foregoing reasons, the court denies GCE's motion to dismiss JDA's third-party complaint.

IT IS SO ORDERED.

DATED: November 30, 2017

JEFFREY T. MILLER
United States District Judge