UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARD WATER DISTRICT,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES DAVEY AND ASSOCIATES, INC., an Arizona corporation; JAMES DAVEY; and DOES 1 through 50,<br><br>    Defendants. | Case No.: 13cv2727 JM (PCL)<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM WITH LEAVE TO AMEND** |
| JAMES DAVEY AND ASSOCIATES, INC., an Arizona corporation,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>GEORGE CAIRO ENGINEERING, INC., an Arizona corporation; and ROES 1 through 10, inclusive,<br><br>    Third-Party Defendants. | |

    Counter-Defendants James Davey ("Davey") and James Davey & Associates, Inc. ("JDA") (collectively, "Counter-Defendants") move the court to dismiss Counterclaimant George Cairo Engineering, Inc.'s ("GCE") counterclaim. (Doc. No. 73.) Counter-

Defendants oppose. (Doc. No. 76.) Having carefully considered the matters presented, the court record, and the arguments of counsel, the court grants the motion with leave to amend.

## BACKGROUND

On November 13, 2013, Plaintiff Bard Water District ("Plaintiff") filed suit against Davey and JDA. (Doc. No. 1.) The remaining claim at issue from Plaintiff's operative third amended complaint ("TAC") is for breach of fiduciary duty. (Doc. No. 26.) The cause of action arose from JDA's work as engineer for Plaintiff on a canal-improvement construction project in Imperial County ("Canal Project"). (See Doc. No. 26 ¶¶ 29–30.)

On August 4, 2017, JDA filed a third-party complaint against GCE. (Doc. No. 63.) In its complaint, JDA asserts one cause of action for equitable indemnity. JDA alleges that GCE is the successor entity to Davey Cairo Engineering, Inc. ("DCE"). JDA further alleges that DCE acted as the civil engineer of record on the Canal Project, and that "Plaintiff's damages as alleged in its [TAC] were proximately caused by" GCE. In sum, JDA argues that "[i]f Plaintiff can prove its claims, then some or all of these claims ultimately arise from the actions, inactions, breach of duty, work, materials, or services of [GCE]."

In response, GCE filed a counterclaim against Davey and JDA. (Doc. No. 72.) In its counterclaim, GCE asserts one cause of action for breach of contract. GCE alleges that Davey, George Cairo ("Cairo"), and GCE entered into a 2011 Collateral Release and Settlement Agreement ("Settlement Agreement") to resolve various disputes that had arisen between Davey, JDA, Cairo, and GCE. (Id. ¶ 11.) The Settlement Agreement, which is attached as an exhibit to the counterclaim, provides in pertinent part that:

> Davey, GCE, and Cairo, on behalf of themselves and their past, present, and future parent entities, subsidiaries, predecessors and successors in interest, and affiliates, as well as trustees, directors, officers, members, managers, agents, attorneys, insurers, stockholders, representatives, and assigns, and each of them, in their representative and individual capacities (all hereinafter collectively referred to as "Releasees") covenant not to sue and fully release and discharge each other an Releasees from any and all claims, demands, causes of action, attorneys' fees, and damages in law, equity, or otherwise,

whether now known or unknown, which any of the Parties may now have, at any time heretofore had, or hereafter has against each other or Releasees, including any matters arising out of or in any way connected with the Lawsuit, the Settlement Agreement, . . . or based on any other transactions, occurrences, acts, or omissions or any other loss, damage or injury whatever, known or unknown, resulting from any act or omissions by or on the part of each other or Releasees, or any of them, committed or omitted prior to the date of this Release.

\* \* \*

This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona . . .

(Doc. No. 72, Exh. 1 ¶¶ 4–5.)

GCE asserts that Davey and JDA breached the Settlement Agreement by filing the third-party complaint. (Id. ¶ 21.)

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the pleadings. To overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. Id. at 678–79. The court must accept all factual allegations as true and construe them in the light most favorable to the non-moving party. See Metlzer Inv. GmbH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). "Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." Id.

Federal Rule of Civil Procedure 15 provides that courts should freely grant leave to amend when justice requires it. Accordingly, when a court dismisses a complaint for

3

failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (internal quotation marks omitted). Amendment may be denied, however, if it would be futile. See id.

**DISCUSSION**

Counter-Defendants argue that the court should dismiss GCE's counterclaim because JDA was not a party to the Settlement Agreement and Davey did not file the third-party complaint against GCE. After discussing which law to apply, the court will address each argument in turn.

**I.  Choice of Law**

Both parties cite to California law to support their arguments for or against granting the motion to dismiss GCE's breach of contract claim against Counter-Defendants. However, the Settlement Agreement, which provides the basis for GCE's counterclaim, contains a choice of law provision that expressly provides that "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of Arizona." (Doc. No. 72, Exh. 1 ¶ 5.)

**A.  The Parties Did Not Waive the Choice of Law Provision**

Despite the choice of law provision in the Settlement Agreement, the parties cited to California law. (See Doc. Nos. 73, 76.) Accordingly, the court requested briefing on whether the choice of law provision is still valid and enforceable, or whether the parties mutually waived it. (Doc. No. 77.)

GCE argues that "it did not intend to waive any provision of the Settlement Agreement and agrees that Arizona law should apply." (Doc. No. 79.) Counter-Defendants argue that the choice of law provision is inapplicable as to JDA because it was

not a party to the Settlement Agreement.[1] Counter-Defendants also argue that the California authorities cited should be considered because there "is no similar or relevant Arizona law on point concerning the issues raised" and "Arizona looks to California authorities for guidance when there is no Arizona law on point." Lastly, Counter-Defendants argue that the court should still consider the California authorities it cited because GCE did not object to the application of California law. (Doc. No. 80-1.)

Although the parties cited California law, they "never specifically asserted as a legal argument that California law was applicable." Gen. Signal Corp. v. MCI Telecommunications Corp., 66 F.3d 1500, 1505 (9th Cir. 1995) (declining to find that the parties had waived the choice of law provision). Because this choice of law issue has arisen early in proceedings related to GCE's counterclaim for breach of the Settlement Agreement, the parties did not waive the choice of law provision. See de Mexico v. Orient Fisheries, Inc., 2009 WL 10669948, at *6 (C.D. Cal. July 1, 2009) ("courts in the Ninth Circuit are not apt to find waiver of such provisions where, as here, the choice-of-law issue arises before summary judgment and the Court has not already ruled on the matter"); cf. Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1267 (9th Cir. 2006) (finding that the parties waived the choice of law provision because they proceeded "throughout the district court and on appeal on the assumption that the franchise agreement is governed by California

---

[1] This argument goes to the merits rather than which law to apply. GCE's breach of contract claim against JDA is based on the Settlement Agreement. (Doc. No. 72.) Therefore, the court must look at the Settlement Agreement, and its choice of law provision, to determine the validity of GCE's claim on this motion to dismiss. Counter-Defendants argue that JDA was not only a non-signatory, but also a nonparty to the dispute that gave rise to the Settlement Agreement, and thus Arizona law cannot apply to JDA. However, GCE alleges that the dispute the Settlement Agreement resolved "arose between JDA, James Davey, George Cairo, and GCE (JDA and James Davey claimed they were owed money)." (Doc. No. 72 ¶ 11 (emphasis added).) Because the court must accept the non-moving party's factual allegations as true on a Rule 12(b)(6) motion, Counter-Defendants' argument as to why the choice of law provision is inapplicable to JDA fails at this time.

law"). Because the parties did not waive application of the choice of law provision, a choice of law analysis is appropriate.

### B. Arizona Law Applies

Because the court has supplemental diversity jurisdiction over GCE's claim, it must apply the choice of law rules of forum state, California in this case. See Hatfield v. Halifax PLC, 564 F.3d 1177, 1182 (9th Cir. 2009). "In determining the enforceability of . . . contractual choice-of-law provisions, California courts shall apply the principles set forth in the Restatement (Second of Conflict of Laws) section 187 which reflects a strong policy favoring enforcement of such provisions." Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459, 464 (1992). Section 187 provides, in pertinent part, that:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless . . .
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the role of section 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (2d) of Conflict of Laws § 187(2) (1998). In determining the enforceability of a contractual choice of law provision, the court must first determine (1) whether the chosen state has a substantial relationship to the parties or transaction or (2) whether there is any other reasonable basis for the parties' choice of law. If either test is met, then the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. If there is no conflict, the court must enforce the parties' choice of law. If there is a fundamental conflict with California law, the court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue. If California has a materially greater interest, then the choice of law provision will not be enforced. See Nedlloyd, 3 Cal. 4th at 464–66.

Here, there is a reasonable basis for the choice of law provision because GCE is an Arizona corporation with its principal place of business in Arizona and Davey resides in Arizona and is a licensed engineer in Arizona and California. GCE ends its choice of law

analysis here, and concludes that Arizona law applies. However, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. The thrust of Counter-Defendants' motion to dismiss is who may be bound by a settlement agreement or similar contract. Counter-Defendants assert that there is no similar or relevant Arizona law addressing this issue, and that Arizona courts have looked to California case law when there is no Arizona law on point. The court is not aware of any Arizona law on this issue that would be contrary to a fundamental California policy. Because Arizona law has not been identified as being contrary to a fundamental policy of California, the court will enforce the parties' choice of law provision.

In sum, the court will apply Arizona law. See Hatfield v. Halifax PLC, 564 F.3d at 1182 (quoting Frontier Oil Corp. v. RLI Ins. Co., 153 Cal. App. 4th 1436 n. 7, (2007)) ("If the parties state their intention in an express choice-of-law clause, California courts ordinarily will enforce the parties' stated intention . . .").

## II. GCE's Claim Against JDA

Counter-Defendants argue that GCE's claim for breach of contract fails as to JDA because JDA was not a party to the Settlement Agreement. GCE argues that JDA should be bound by the Settlement Agreement signed by Davey because Davey agreed that his affiliates would be so bound.

"Construction and enforcement of settlement agreements . . . are governed by general contract principles." Emmons v. Superior Court In & For Cty. of Maricopa, 192 Ariz. 509, 512 (Ariz. Ct. App. 1998); accord Canaan Taiwanese Christian Church v. All World Mission Ministries, 211 Cal. App. 4th 1115, 1123 (2012) ("A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts.") (citation omitted).

As noted above, GCE alleges that the dispute the Settlement Agreement resolved "arose between JDA, James Davey, George Cairo, and GCE (JDA and James Davey claimed they were owed money)." (Doc. No. 72 ¶ 11.) However, the only parties referenced in the Settlement Agreement are Davey, Cairo, and GCE. (Doc. No. 72, Exh. 1.)

Furthermore, while Cairo signed the Settlement Agreement twice, once in his individual capacity and another time for GCE in his capacity as GCE's president, Davey only signed it once, with no reference to JDA or Davey's role as a JDA officer. (Id.)

GCE looks to California arbitration case law to support its argument that JDA is bound by the Settlement Agreement it did not sign. In <u>Jenks v. DLA Piper Rudnick Gray Cary U.S. LLP</u>, 243 Cal. App. 4th 1, 10 (2015), the court noted that:

> there are six theories by which a nonsignatory may be bound to arbitrate: (a) incorporation by reference; (b) assumption; (c) agency; (d) veil-piercing or alter ego; (e) estoppel; and (f) third-party beneficiary. [citation omitted] These exceptions to the general rule that one must be a party to an arbitration agreement to invoke it or be bound by it 'generally are based on the existence of a relationship between the nonsignatory and the signatory, such as principal and agent or employer and employee, where a sufficient "identity of interest" exists between them.' [citation omitted]

Arizona arbitration case law is similar. A non-signatory will not be compelled to arbitrate "unless that party is (1) a third party beneficiary of the contract, (2) a successor in interest to the contract, or (3) an agent, officer or employee of the party signing the contract." See <u>PC Onsite, LLC v. Massage En V, LLC</u>, 2011 WL 6810919, at *2 (Ariz. Ct. App. Dec. 27, 2011) (noting that "[i]ndividuals who fall into the third category must also prove that the allegedly wrongful acts arose out of or were related to the contract.") (citing <u>Britton v. Co-op Banking Grp.</u>, 4 F. 3d 742, 744–46 (9th Cir. 1993)). GCE does not apply the factors to the case at hand.

Beyond stating that Davey is an alleged officer of JDA and that JDA is a litigant currently before the court, GCE does not adequately explain why JDA is bound by the Settlement Agreement that only Davey signed, apparently in an individual capacity. Furthermore, because arbitration agreements implicate different policies, such case law may not be analogous to the situation before the court. Without more evidence or authority from GCE, its claim for breach of contract against JDA cannot withstand Counter-Defendants' motion to dismiss.

///

8

13cv2727 JM (PCL)

## III. GCE's Claim Against Davey

In its counterclaim, GCE alleges that Davey "breached the Settlement Agreement by filing the Third Party Complaint." (Doc. No. 72 ¶ 21.) Counter-Defendants argue that only JDA brought the third-party complaint against GCE, not Davey, and thus GCE's claim against Davey fails.[2] GCE argues that its claim against Davey is proper because he is an officer of JDA and the Settlement Agreement was a release by Davey and his "predecessors and successors in interest, and affiliates, as well as trustees, directors, officers, members, managers, agents, attorneys, insurers, stockholders, representatives, and assigns, and each of them, in their representative and individual capacities." (Doc. No. 72, Exh. 1 ¶ 4.) GCE does not cite to any case law to support its argument. Mere legal conclusions, such as GCE's assertion that Davey breached the Settlement Agreement by filling the third-party complaint, do not meet the pleading standards of Ashcroft v. Iqbal, 556 U.S. at 678–79. Although counsel for GCE represented at oral argument that Davey and JDA are one and the same, that theory is absent from GCE's counterclaim.[3] Because GCE did not allege how JDA's actions as a separate legal entity can be attributed to Davey as an individual, this claim cannot withstand Counter-Defendants' motion to dismiss.

///
///
///

---

[2] The court grants Counter-Defendants' request for judicial notice of the fact that Davey is not a third-party plaintiff and has not filed any third-party complaint against GCE. (Doc. No. 73.)

[3] Nor is GCE's assertion at oral argument that the term "affiliates" sufficiently includes JDA viable as it falls far short of what is required under Ashcroft and Jenks.

## CONCLUSION

For the foregoing reasons, the court grants Counter-Defendants' motion to dismiss GCE's counterclaim. Because GCE's counsel stated that, given the opportunity, additional claims can be made, the court grants GCE leave to amend.

IT IS SO ORDERED.

DATED: March 5, 2018

JEFFREY T. MILLER
United States District Judge

10

13cv2727 JM (PCL)