UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARD WATER DISTRICT,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES DAVEY AND ASSOCIATES, INC., an Arizona corporation; JAMES DAVEY; and DOES 1 through 50,<br><br>　　　　　　　　Defendants. | Case No.: 13cv2727 JM (RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| JAMES DAVEY AND ASSOCIATES, INC., an Arizona corporation,<br><br>　　　　　　　　Third-Party Plaintiff,<br><br>v.<br><br>GEORGE CAIRO ENGINEERING, INC., an Arizona corporation; and ROES 1 through 10, inclusive,<br><br>　　　　　　　　Third-Party Defendants. | |

  Defendants James Davey and Associates, Inc. and James Davey move for summary judgment against Plaintiff Bard Water District on its remaining claim for breach of fiduciary duty. (Doc. No. 103.) Plaintiff opposes. (Doc. No. 113.) Having carefully

1

considered the matters presented, the court record, and the arguments of counsel, the court grants Defendants' motion for summary judgment.

## BACKGROUND

This case arises from an unsuccessful canal improvement project. Plaintiff Bard Water District ("Bard") is a public water district with its principal place of operation in Winterhaven, California. Bard alleges that it retained Defendants James Davey and Associates, Inc. ("JDA") and James Davey ("Davey") to act as project engineer for a canal improvement project in Imperial County, California. As project engineer, Bard alleges, Defendants were responsible for supervising and inspecting the work of the general contractor, including by ensuring that all required tests and inspections were performed. Shortly after the project was completed in 2004, the new concrete lining of the canals began to crack. Bard concluded that the cracking occurred because the soil beneath the canals was not properly compacted before the concrete lining was laid. Upon investigation in 2005 through 2007, Bard learned that the general contractor failed to perform the required number of tests and inspections intended to ensure that the soil was adequately compacted. On November 13, 2013, Bard filed suit against Defendants alleging claims for breach of contract and breach of fiduciary duty. (Doc. No. 1.)

On November 14, 2014, the court dismissed with prejudice the breach of contract and breach of fiduciary duty claims in Plaintiff's Third Amended Complaint ("TAC"). (Doc. No. 35.) The court dismissed Plaintiff's breach of contract claim because the alleged contract documents were, on their face, more akin to a bid package than a contract between the parties. (Id. at 7.)[1] The court dismissed Plaintiff's breach of fiduciary duty claim because it was "based solely on Defendants' alleged failure to comply with the specific duties of the project engineer as described in the project document." (Id. at 9.) Plaintiff appealed. The Ninth Circuit affirmed dismissal of Plaintiff's breach of contract claim, but

---

[1] All page citations in this order refer to the page numbers generated by the CM/ECF system.

2

13cv2727 JM (RBB)

reversed the dismissal of its breach of fiduciary duty claim. (Doc. No. 49.) In reversing dismissal of Plaintiff's breach of fiduciary duty claim, the Ninth Circuit found that "under California law, a fiduciary relationship, such as agent to principal, can exist separate and apart from a contractual relationship." (Id. at 3) (citing Stephenson v. Drever, 16 Cal. 4th 1167, 1179 (1997)). The court also found that Plaintiff's claims were governed by the four-year statute of limitations provided by Cal. Code Civ. P. § 343. (Doc No. 49 at 4-5.)

As a result, Plaintiff's sole remaining claim is breach of fiduciary duty. (Doc. No. 26.) Defendants argue that the court should grant summary judgment in their favor because (1) they did not owe any fiduciary duty to Plaintiff, (2) even if they owed a fiduciary duty, Defendants did not breach that duty, and (3) Plaintiff's complaint is time-barred by several statutes of limitations and repose.

## LEGAL STANDARDS

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). But Federal Rule of Civil Procedure 56 contains "no express or implied requirement . . . that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (emphasis in original).

In response to a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal citations omitted). In other words, the nonmoving party may not rely solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The court must examine the evidence in the light most favorable to the nonmoving party, United States v. Diebold, Inc., 369 U.S. 654, 655 (1962), and any doubt
3

as to the existence of an issue of material fact requires denial of the motion, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## DISCUSSION

Plaintiff filed this case on November 13, 2013, approximately nine years after the canal improvement project concluded. Defendants argue that Plaintiff's claims are time-barred by the following statutes of limitation and repose: Cal. Code Civ. P. § 343 (four-year statute of limitations), Cal. Code Civ. P. § 338 (three-year statute of limitations), Cal. Code Civ. P. § 339 (two-year statute of limitations), Cal. Code Civ. P. § 337.1 (four-year statute of repose), and Cal. Code Civ. P. § 337.15 (ten-year statute of repose).

### A. Applicable Statute of Limitations

"In California, courts look to the 'gravamen' of the complaint to determine which statute of limitations applies." (Doc. No. 49) (citing Hensler v. City of Glendale, 8 Cal. 4th 1, 22 (1994).) On appeal, the Ninth Circuit held that the "gravamen of Bard's complaint is breach of fiduciary duty." (Doc. No. 49 at 4.) Because California's four-year statute of limitations for most written agreements, Cal. Code Civ. P. § 337, does not specify a statute of limitations for breach of fiduciary duty, the Ninth Circuit held that the residual four-year statute of limitations, Cal. Code Civ. P. § 343, governs Plaintiff's breach of fiduciary duty claim. (Doc. No. 49 at 4-5.) Defendants' argument that the two- and three-year statutes of limitations provided in Cal. Code Civ. P. §§ 338 and 339 apply instead of the four-year statute of limitation provided in Cal. Code Civ. P. § 343 ignores the Ninth Circuit's mandate. See also Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1137 (9th Cir. 1998) ("California courts have expressly held that claims for breach of fiduciary duty are governed by the four-year statute of limitations, pursuant to CCP § 343.").

### B. Plaintiff's Claim is Barred By California Code of Civil Procedure § 343

Defendants argue that even under Cal. Code Civ. P. § 343, Plaintiff failed to file this action within four years of when it knew or reasonably should have known of Defendants' alleged breach of a fiduciary duty. The court agrees.

4

The elements of a breach of fiduciary duty claim are (1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) damage proximately caused by the breach. Amtower v. Photon Dynamics, Inc., 158 Cal. App. 4th 1582, 1599 (2008) (citing City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal. App. 4th 445, 483 (1998)).

Section 343 provides that an action "must be commenced within four years after the cause of action shall have accrued." Generally, a claim accrues at "the time when the cause of action is complete with all of its elements." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (2005) (quoting Norgart v. Upjohn Co., 21 Cal. 4th 383, 389 (1999)). An important exception to this general rule is the discovery rule. Id. The discovery rule "most frequently applies when it is particularly difficult for the plaintiff to observe or understand the breach of duty, or when the injury itself (or its cause) is hidden or beyond what the ordinary person could be expected to understand." Shively v. Bozanich, 31 Cal. 4th 1230, 1248 (2003). The rule provides that a claim accrues "when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action." Fox, 35 Cal. 4th at 803. "In that case, the statute of limitations for that cause of action will be tolled until such time as a reasonable investigation would have revealed its factual basis." Id. "Simply put, in order to employ the discovery rule to delay accrual of a cause of action, a potential plaintiff who suspects that an injury has been wrongfully caused must conduct a reasonable investigation of all potential causes of that injury. If such an investigation would have disclosed a factual basis for a cause of action, the statute of limitations begins to run on that cause of action when the investigation would have brought such information to light." Id. at 808-09.

The trust relationship between fiduciaries limits that duty of inquiry. WA Sw. 2, LLC v. First Am. Title Ins. Co., 240 Cal. App. 4th 148, 157 (2015); Eisenbaum v. W. Energy Res., Inc., 218 Cal. App. 3d 314, 325 (1990). This is because in a fiduciary relationship "facts which ordinarily require investigation may not incite suspicion." Eisenbaum, 218 Cal. App. 3d at 325 (citing Hobbs v. Bateman Eichler, Hill Richards, Inc., 164 Cal. App. 3d 174, 201 (1985)). "Thus, when a potential plaintiff is in a fiduciary

relationship with another individual, that plaintiff's burden of discovery is reduced and he is entitled to rely on the statements and advice provided by the fiduciary." Eisenbaum, 218 Cal. App. 3d at 324. The duty to inquire arises only when the facts—considering the fiduciary relationship—warrant suspicion. See id. However, the existence of a fiduciary relationship does not mean that a plaintiff has no duty of inquiry. WA Sw. 2, LLC, 240 Cal. App. 4th at 157 (citing Miller v. Bechtel Corp., 33 Cal. 3d 868, 874-75 (1983)). If a plaintiff "became aware of facts which would make a reasonably prudent person suspicious, she had a duty to investigate further, and she was charged with knowledge of matters which would have been revealed by such an investigation." Miller, 33 Cal. 3d at 875. Accord WA Sw. 2, LLC, 240 Cal. App. 4th at 157.

The question of whether a plaintiff was on inquiry notice and had a duty to investigate is typically a question of fact. E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1320 (2007). But when "reasonable minds can draw only one conclusion from the evidence, the question becomes one of law." Id. (quoting Snow v. A.H. Robins Co., Cal. App. 3d 120, 128 (1985)).

Plaintiff alleges that Defendants breached a fiduciary duty owed to Plaintiff by failing to ensure that the general contractor complied with the project requirements and by unilaterally waiving the soil compaction testing and inspection requirements without Plaintiff's knowledge. (Doc. No. 26 ¶ 29.) Defendants provided engineering services to Plaintiff during the construction of an improved concrete-lined canal over an original earthen canal. According to Plaintiff's expert, the project plans and specifications called for excavation and replacement of the original wet soil of the earthen canal with dry soil. (Doc. No. 103-7 at 55.) The dry soil would then be compacted and tested for a minimum density. (Id. at 55, 95.) Finally, the plans and specifications called for lining the canals with concrete. (Id. at 95.) As a result of the failure to adequately compact the soil during construction, Plaintiff's expert found that the canals settled and the concrete lining cracked. (Doc. No. 113-3 at 33.) Plaintiff alleges that Defendants were responsible for ensuring that the general contractor complied with the project plans and specifications. (Doc. No. 26 ¶

29.) Instead, Plaintiff alleges, Defendants unilaterally waived necessary soil compaction inspections and tests, and concealed this waiver from Plaintiff. (Id.)

Plaintiff argues that it first learned of Defendants' waiver of the inspection and testing requirements in November 2009 when Bard's general manager, Ronald Derma, heard that Davey planned to sign a declaration stating that Defendants had waived inspection and testing requirements.[2] Plaintiff admits that cracking was observed in some canals as early as 2004. (Doc. No. 113 at 14.) In 2005, Plaintiff retained an expert, Dudek and Associates, Inc. ("Dudek"), to investigate the source of the cracking. (Id.) On January 14, 2005, Dudek employees exchanged internal emails stating that Plaintiff's attorney informed Dudek "that the engineer Jim Davey prepared the plans and specs and was suppose [sic] to be keeping tabs on the construction. Now it looks like one or more of the contractors was not held to doing proper construction." (Doc. No. 103-8 at 7.) Dudek employees further stated that it "[s]ounds like Ron Derma has had it with his engineer, James Davey and Associates" and was looking for a replacement engineer. (Id. at 8.)[3] On March 4, 2005, Dudek sent Bard a letter stating that, based on preliminary findings, the soil had not been adequately compacted. (Doc. No. 103-7 at 50-51.) On July 8, 2005, Derma sent a letter to the general contractor stating that Bard was concerned that they had not yet addressed the "significant issue of poor compactions in violation of the contract specifications that only became apparent after September 2004." (Id. at 45.)[4] On July 9,

---

[2] Davey's November 15, 2009 declaration states that JDA was responsible for scheduling compaction testing of the soils and that he "recommended to Bard that the number of compaction tests be reduced in some areas of the Project . . ." (Doc. No. 113-3, Exh. D ¶¶ 13, 17.)

[3] The Dudek emails appear to contain hearsay statements; however, the court may consider this evidence as Plaintiff did not object. See Fed. Deposit Ins. Corp. v. New Hampshire Ins. Co., 953 F.2d 478, 484-85 (9th Cir. 1991).

[4] The parties do not dispute that in 2005, Plaintiff and the general contractor were engaged in litigation regarding the improved canal project. Defendants argue that Plaintiff asserted a counterclaim against the general contractor in this litigation relating to the failure to adequately compact the soil during construction of the canals, but in support of this argument provide the court with a California Court of Appeal opinion that does not discuss Plaintiff's counterclaim. (See Doc. No. 109-3, Exh. 11 at 10-29.) The court grants

2005, Dudek provided Bard with its investigation results, stating: "Failure to properly compact the subgrade soils constitute a major deficiency in the construction of the Cocopah Canal. The service life of the canal is seriously compromised. The contractor apparently did not meet his commitment and obligations under the contract for the Cocopah Canal construction." (Id. at 56.) On October 3, 2007, a second report by Dudek found that only 45 compaction tests were taken during construction, instead of the 714 tests required by the plans and specifications. (Id. at 93.) Meaning, approximately 94 percent of the required tests were not performed. Defendants argue that based on these facts, Plaintiff "could have investigated to find out facts had been concealed regarding compaction testing" more than four years before it filed this case. (Doc. No. 103-1 at 24.)

Plaintiff claims that it did not know Defendants breached their fiduciary duty until November 2009,[5] when Derma learned that Davey would sign a declaration admitting that Defendants waived testing and inspection requirements. Plaintiff argues that once it observed cracking in the canals, it took all available actions to investigate, including hiring an expert. Plaintiff argues that despite its efforts, "it was still unable to discover that its trusted engineer was the one who had waived the tests." (Doc. No. 113 at 14.)

But Plaintiff does not dispute that by 2007, it knew that (i) cracking was observed in the canals; (ii) almost 94 percent of the required soil compaction tests were not performed during construction; (iii) the failure to properly compact the dry soil caused the cracking observed in the canals; (iv) Plaintiff's expert opined that the general contractor failed to perform the required soil compaction tests and inspections; and (v) Defendants were responsible for ensuring the general contractor complied with the project plans and specifications, including performance of the required number of soil compaction tests.

---

Defendants' request to take judicial notice of the existence the court opinion, see Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) (courts may take judicial notice of the existence and authenticity of matters of public record but not the truth of its contents), but finds that the opinion does not discuss Plaintiff's counterclaim or provide the background Defendants seek to establish.

[5] The parties dispute the exact date in November 2009 that Derma became aware of Davey's intent to sign the declaration.

Even viewing the evidence in the light most favorable to Plaintiff, a jury could not reasonably find that these facts did not warrant suspicion on Plaintiff's part.

By 2007, Plaintiff had sufficient notice of its breach of fiduciary duty claim to trigger a duty to investigate. Plaintiff does not dispute that it knew of the alleged fiduciary relationship at that time. Plaintiff knew that the required soil compaction tests and inspections had not been performed and that it was Defendants' duty to ensure that those tests were performed. In its complaint, Plaintiff alleges that Defendants' failure to ensure the general contractor complied with these requirements was itself a breach of the fiduciary duty they owed Plaintiff. (Doc No. 26 ¶ 29) ("Defendants breached their fiduciary duty owed to Plaintiff . . . by failing to ensure that the general contractor complied with its requirements <u>and</u> by unilaterally waiving, without plaintiff's knowledge or consent, necessary testing and inspection requirements…") (emphasis added.) In addition, the detailed expert analyses Plaintiff commissioned in 2005 and 2007 provided it with knowledge of the damage caused by the failure to adequately compact the soil.

Even assuming a fiduciary relationship existed, by the end of 2007 Plaintiff reasonably should have harbored some suspicion that Defendants failed to ensure the general contractor performed all required compaction tests and should have investigated at that time. See Czajkowski v. Haskell & White, LLP, 208 Cal. App. 4th 166, 178 (2012) (once executive of company was aware employee embezzled funds causing tax liabilities, plaintiff reasonably should have suspected "that there might be other concurrent causes, in the actions or inactions of other retained professionals who had been dealing with or reporting on the Company's finances"). And on this evidentiary record, no reasonable trier of fact could find otherwise. Other than the initial failure to disclose the alleged waiver, Plaintiff does not present any evidence that Defendants made misrepresentations or took actions to prevent Plaintiff from discovering the waiver of inspection and testing requirements. Nor does Plaintiff argue (or present any evidence) that it relied on any statements made by Defendants in choosing not to investigate further. See Eisenbaum, 218 Cal. App. 3d 314 (purchaser of limited partnership entitled to rely on general partner's false representation that complex transaction was exempt from registration under state and

federal securities laws). It appears that Plaintiff only needed to ask Defendants why 94 percent of the required soil compaction tests were not performed to discover the answer. Because Plaintiff knew that Defendants were responsible for ensuring the inspections and tests were performed, Plaintiff had a duty to inquire once it knew that these inspections and tests had not been performed. Instead, Plaintiff failed to inquire and waited at least six years after it had this information before filing suit.

The court does not address Defendants' remaining arguments in support of its motion for summary judgment as Plaintiff's claim is barred by the statute of limitation provided in Cal. Code Civ. P. § 343.[6]

## CONCLUSION

The court grants Defendants' motion for summary judgment as Plaintiff failed to file this action before the statute of limitations expired.

IT IS SO ORDERED.

DATED: October 1, 2018

JEFFREY T. MILLER
United States District Judge

---

[6] Under any and all circumstances, Defendants' motion for summary judgment is granted as to Defendant James Davey, as an individual, as Plaintiff conceded at oral argument that Defendant JDA, in the absence of an alter ego theory, is the exclusive responsible defendant on the breach of fiduciary duty claim.